# EXHIBIT 11





**FRIDAY 21 JUNE 2024**

# IN THE COURT OF APPEAL

ON APPEAL FROM BUSINESS AND PROPERTY COURT, COMMERCIAL COURT
**FL-2019-000010**

| | |
|---|---|
| **BEFORE** | LORD JUSTICE LEWISON |
| | LORD JUSTICE POPPLEWELL |
| | LADY JUSTICE FALK |

CA-2023-001273

**B E T W E E N**

1. THE REPUBLIC OF ARGENTINA
2. THE BANK OF NEW YORK MELLON (AS TRUSTEE)

DEFENDANTS / APPELLANTS

- and -

1. PALLADIAN PARTNERS L.P
2. HBK MASTER FUND L.P
3. HIRSH GROUP LLC
4. VIRTUAL EMERALD INTERNATIONAL LIMITED

CLAIMANTS / RESPONDENTS

ON PAPER

Application No.

CA-2023-001273

<u>ORDER AMENDED UNDER THE SLIP RULE UNDERLINED IN RED THIS 4 JULY 2024.</u>

**UPON** Appeal No. CA-2023-001273, pursuant to the Appellant's Notice dated 31 July 2023 ("**the Appeal**") against the Order of Mr Justice Picken dated 9 June 2023 ("**the Picken J Order**")

**AND UPON** the Order of Lord Justice Phillips dated 18 January 2024 granting the Appellant (the "**Republic**") permission to appeal

**AND UPON** the Court of the Appeal hearing the Appeal on 21, 22 and 23 May 2024

**AND UPON** the judgment of the Court of Appeal being handed down on 12 June 2024

**AND UPON** the Order of the Court of Appeal dated 12 June 2024, dismissing the Appeal and making provision for the resolution of consequential matters in writing ("**the Court of Appeal Order**")

**AND UPON** the Republic's application to the Court of Appeal for permission to appeal the Court of Appeal Order

**AND UPON** the Claimants having served on 3 October 2023 a Part 36 Offer in respect of the Appeal dated 2 October 2023 on behalf of the Claimants and the Trustee, and having obtained a result which is more advantageous than that Offer

**AND UPON** the relevant period in respect of such Part 36 Offer having expired on 24 October 2023, so that the relevant period for Part 36 consequences is 25 October 2023 to the date of this Order (the "**Appeal Part 36 Period**")

**AND UPON** the following payment terms (without limitation) of the Picken J Order continuing to apply and being equally applicable to the payment of sums as ordered by this Court hereunder (subject to the terms of this Order which take precedence):

a) The Claimants will pay to the Trustee any monies paid by the Republic to or otherwise recovered by the Claimants pursuant to the Picken J Order and this Order

b) The Trustee is to apply monies received by it in satisfaction of the Judgment Sums (as defined below and whether paid to the Trustee by the Republic directly or by the Claimants pursuant to Schedule A to the Picken J Order or otherwise or from any other source) in accordance with the Picken J Order, this Order and the Indenture and the Terms and Conditions of the Securities

c) Certain further mechanics of enforcement shall (if they become necessary) be governed by the agreed Schedule A to the Picken J Order (which the Trustee considers is in the interests of the Holders (as defined in the Terms and Conditions of the Securities) and beneficial holders)

**AND UPON** the Picken J Order and this Order being without prejudice to the Trustee's right of indemnity (including in respect of its costs) from the Republic under the Indenture

**IT IS ORDERED THAT:**

(1) The Republic's application for permission to appeal is refused.

(2) For the Appeal Part 36 Period:

    a.  All Holders shall be entitled to additional interest at a rate of 3% per annum (i.e. above the interest to which they are entitled under paragraph 6 of the Picken J Order) in respect of their respective shares of the 2013 Payment Amount, giving a total rate of interest for this period of 5% per annum above Euribor with a 6 month tenor calculated based on the average rate over each 6 month period from the date of the Picken J Order.

    b.  In respect of any Payment Amount falling due under paragraph 18(b)(ii) of the Picken J Order, all Holders shall be entitled to additional interest at a rate of 3% per annum (i.e. above the interest to which they are entitled under paragraph 18(b)(iii) of the Picken J Order) in respect of their respective shares of such Payment Amount for the portion of the Appeal Part 36 Period during which the relevant Payment Amount was outstanding, giving a total rate of interest for the relevant period of 5% per annum above Euribor with a 6 month tenor calculated based on the average rate over each 6 month period from the date of the Picken J Order.

(3) From the date of this Order, post-judgment interest shall accrue, until payment by the Republic, on the additional interest entitlements described in paragraph (2) above, at the rate of 2% per annum above Euribor with a 6 month tenor calculated based on the average rate over each 6 month period from the date of this Order.

(4) The Republic shall pay the Claimants' costs of the Appeal, to be assessed on the standard basis for costs incurred up to 24 October 2023 and the indemnity basis for costs incurred from 25 October 2023.

(5) Detailed assessment of the Claimants' costs of the Appeal shall be stayed until the date on which the stay of execution set out in paragraph 21 of the Picken J Order expires, and the date for commencing detailed assessment shall be the date falling three months from the occurrence of such date.

(6) The Republic shall make an interim payment of US$1,250,000 in respect of the Claimants' estimated costs of the Appeal.

(7) The interim payment set out in paragraph (6) above:

a. shall be made within 45 days of the date of this Order; and

b. consistent with the mechanism adopted in the Picken J Order, shall be paid by the Republic to the Trustee (and the Trustee shall pay the Claimants an equivalent sum forthwith upon receipt).

(8) In relation to the foregoing and the Picken J Order:

a. The references in Schedule A to the Picken J Order to the "Claimants' Costs" shall include the costs of the Appeal (as ordered above).

b. The references to "Judgment Sums" in the Picken J Order shall include the entitlements to post-judgment interest and interest in relation to future Payment Amounts and costs (including the interim payment set out in paragraph (6) above) under this Order.

c. Where the Picken J Order refers to "Part 36 Entitlements", this shall be taken to be a reference to the Part 36 Entitlements (as defined in the Picken J Order) only (and which are entitlements of the Claimants alone), and not to the entitlements under Part 36 under this Order (as ordered by paragraph (2) above) ("**the Appeal Part 36 Entitlements**") which are entitlements of all Holders of the Securities.

d. The Appeal Part 36 Entitlements shall be treated as part of the Judgment Sums to which all Holders are entitled, and the Trustee shall not be obliged to make any separate payment to the Claimants in respect of the Appeal Part 36 Entitlements.

(9) Neither the dismissal of the Appeal nor the making of this Order in any way affects, alters or restricts the Court of Appeal's jurisdiction under or the liberty to apply in paragraph 2 of the Order of Phillips LJ dated 22 March 2024 (the "**LOC Condition Order**"); and the parties remain

entitled to apply at any time hereafter to the Court of Appeal under the LOC Condition Order.

**BY THE COURT**

* This order was drawn by Ann Marie Smith (Associate) to whom all enquiries regarding this order should be made. When communicating with the Court please address correspondence to The Associate, Civil Appeals Office, Room E307, Royal Courts of Justice, Strand, London WC2A 2LL (DX 44456 Strand) and quote the Court of Appeal reference number. The Associate's telephone number is 0207 947 7183 and 0207 947 7856.