# EXHIBIT 27

# SULLIVAN & CROMWELL LLP

A LIMITED LIABILITY PARTNERSHIP

TELEPHONE: +44 (0)20-7959-8900
FACSIMILE: +44 (0)20-7959-8950
WWW.SULLCROM.COM

*One New Fetter Lane*
*London EC4A 1AN, England*

___

BRUSSELS • FRANKFURT • PARIS

LOS ANGELES • NEW YORK • PALO ALTO • WASHINGTON, D.C.

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

15 September 2025

By Email

Quinn Emanuel Urquhart & Sullivan UK LLP,
90 High Holborn,
London WC1V 6LJ
FAO Aidan O'Rourke

> Re:    **(1) Palladian Partners, L.P. (2) HBK Master Fund L.P. (3) Hirsh Group LLC (4) Virtual Emerald International Limited ("Claimants") v. (1) The Republic of Argentina (2) The Bank of New York Mellon (as Trustee) (Second Defendant), <u>FL-2019-000010, CA-2023-001273, UKSC 2024/0098 (the "Proceedings")</u>**

Dear Sirs/Madam,

We refer to:

(1)    Your *ex parte* applications dated 29 July 2025 for third party debt orders ("**TPDOs**") against the third party banks listed at Appendix A hereto (the "**Third Party Banks**") and the ninth witness statement of Aidan Alexander O'Rourke of the same date ("**O'Rourke 9**") and Exhibit AAO9 filed in support of those applications (the "**TPDO Applications**");

(2)    The interim Orders issued against the Third Party Banks by Master Eastman and sealed on 6 August 2025 (the "**Interim Orders**");

(3)    Your letter to Banco Santander S.A. ("**Santander**") dated 5 September 2025, enclosing an Application Notice, draft Order, the tenth witness statement of Aidan Alexander O'Rourke ("**O'Rourke 10**") and Exhibit AAO10, seeking an Order that Santander provide a witness statement setting out information listed at paragraph 1 of the draft Order, failing which Santander be debarred from defending the TPDO Application made against it (the "**Santander Application**");

Sullivan & Cromwell LLP carries on business in England and Wales through Sullivan & Cromwell MNP LLP, a registered limited liability partnership established under the laws of the State of New York. The personal liability of our partners is limited to the extent provided in such laws.  Additional information is available upon request or at www.sullcrom.com.

Sullivan & Cromwell MNP LLP is authorized and regulated by the Solicitors Regulation Authority (Number 00308712).
A list of the partners' names and professional qualifications is available for inspection at 1 New Fetter Lane, London EC4A 1AN.  All partners are either registered foreign lawyers or solicitors.

-2-

(4)     The correspondence between your firm and the Third Party Banks in connection with the TPDOs, which is exhibited at AAO10 (the "**Third Party Bank Correspondence**"); and

(5)     Your letter to us dated 12 September 2025 (the "**12 September 2025 Letter**").

Without prejudice to the full scope of objections that the Republic may wish to raise in connection with the TPDO Applications in due course, the purpose of this letter is to set out the Republic's concerns regarding:  (1) the Claimants' presentation of the jurisdictional scope of the TPDO Applications; and (2) the search obligations that your firm has sought to impose on the Third Party Banks in the Third Party Bank Correspondence.  We will respond to the specific questions in your 12 September 2025 Letter in due course.

**The Jurisdictional Scope of the TPDO Applications**

The Santander Application appears to seek an order that Santander file a witness statement setting out (among other matters) information regarding "*any accounts* held with [Santander] by the [Republic]" and "whether and to what extent balances have been transferred out of *any accounts* held with [Santander]" (draft Order, paras 1(d) and (f) (emphasis added)).  No reference is made in the Application Notice or the draft Order to such accounts being situated in England and Wales and/or held by the London branch of Santander.  As for the Third Party Bank Correspondence, we note that Bank of China Ltd ("**Bank of China**"), Banco Bilbao Vizcaya Argentaria, S.A. ("**BBVA**"), and JPMorgan Chase Bank, National Association ("**JPM**") have responded to the Interim Orders making clear that their London branches (against whom TPDO Applications were made) do not hold accounts of or for the Republic in England and Wales. However, you appear to be taking the position that searches should be undertaken for accounts held at other branches, without specifying what branches properly fall within the scope of the TPDO Applications (see [**AAO10/96**], [**AAO10/103**], [**AAO10/116**] each stating that "[t]he search obligation is not limited to accounts held by a local branch of the bank, even where service is effected at the local branch").

As you will be aware, the English court's jurisdiction to make a TPDO turns on whether there is a relevant debt that can be subject to the order in England and Wales (*Taurus Petroleum Ltd v State Oil Marketing Co of the Ministry of Oil, Republic of Iraq* [2017] UKSC 64, per Lord Clarke, at [29]; *Société Eram Shipping Co Ltd v Cie Internationale de Navigation and Others* [2003] UKHL 30, per Lord Bingham at [26]; *Dicey*, Rule 144 ("The court has jurisdiction to make a third party debt order if both the debtor and the debt to be attached are within England, but not otherwise.")).  In the case of banks and the debts of banks to their customers, the default rule is that the debt is repayable at the branch where the customer's account is kept and the *situs* of the debt is in that country (*Société Eram Shipping* [2003] UKHL 30, per Lord Hobhouse at [73]).  It follows that only accounts situated in England and Wales can be subject to TPDOs.

-3-

Where a bank is incorporated in a foreign jurisdiction but has a branch in London (or elsewhere in England and Wales), then only that branch will be relevant for the purposes of a TPDO.

The TPDO Applications appear to recognise these principles. The application notices confirm for each Third Party Bank that "[t]he third party is within England and Wales", and indicate the Claimants' position that the account is held at the London branch in the case of Santander, Bank of China, BBVA, and JPM. Paragraph 4 of O'Rourke 9 identifies the Third Party Banks as consisting of either UK banks or, in the case of Santander, Bank of China, BBVA, and JPM, their "London branch". O'Rourke 9 further refers to the Claimants' belief that the banks against whom TPDOs are sought (and the Interim Orders have been made) "likely owe money to or hold money to the credit of the judgment debtor *within the UK*" (at [24] (emphasis added)) and "the Republic continues to maintain active banking relationships with various banks *within the UK*" (at [24.6] (emphasis added)). Additionally, in the case of Santander, O'Rourke 9 similarly refers to the Claimants' belief that "Santander likely owes money to or holds money to the credit of [the Republic] *in the UK*" (at [25] (emphasis added)).

Nowhere in O'Rourke 9 is it suggested that the TPDOs (or the Interim Orders) implicate branches outside of London or accounts outside of England and Wales. If that had been the Claimants' intention then, pursuant to the duty of full and frank disclosure, Mr. O'Rourke would have been required to set out the jurisdictional objections (and the principles upon which those would be founded as set out above) that the Third Party Banks (or the Republic) would certainly have raised. Instead, O'Rourke 9 simply refers to the fact that while Santander (and Bank of China, BBVA and JPM) have "a presence in the UK via a local branch, to the extent bank accounts are maintained with those banks, those accounts may be offshore accounts not located within the UK" (see [26.12-26.13]). In other words, O'Rourke 9 (rightly) anticipates that offshore accounts (if any) would fall outside of the scope of the TPDO Applications.

Please therefore confirm that you agree:

(1)    That the Third Party Banks are only required to disclose details of accounts that are situated in England and Wales, meaning, in the case of Santander, BBVA, Bank of China, and JPM, that any debt is repayable at the London branch.

(2)    That, to the extent you intend to pursue the Santander Application, an amended application will be filed making clear that: (i) the application is directed at Santander's London branch; (ii) Santander is only required to disclose details of accounts in England and Wales; and (iii) searches are only required of the London branch.

-4-

(3)    That equivalent clarifications to those set forth in (2) above will be provided in writing to BBVA, Bank of China, and JPM.

**Searches Requested of the Third Party Banks**

Both the draft Order sought pursuant to the Santander Applications and Quinn Emanuel's latest letters in the Third Party Bank Correspondence request wide-ranging searches of the Third Party Banks. The basis upon which Quinn Emanuel is requesting such searches is unclear. We note that O'Rourke 9 makes no reference to the specific searches it now expects the Third Party Banks to undertake and that according to correspondence sent under cover of your 12 September 2025 Letter, at least one Third Party Bank has made clear that the Interim Orders do not require such specific searches to be undertaken.

In addition, as detailed below, certain of the requested searches are obviously inappropriate.

*BCRA*

You ask for searches to be undertaken for "Central Bank of the Argentina Republic (*Banco Central De La República Argentina*)" ("**BCRA**"), which is misleadingly described in the Santander Application and the Third Party Bank Correspondence as being a State entity sitting within the Ministry of Economy.

The Claimants are well aware of the fact that BCRA is "self-administered" and "not subject to any order, indication, or instruction from the National Executive" (Central Bank Organic Charter, ss. 1, 4). As Mr. Agustín Torcassi (then and currently General Manager of the BCRA) explained in his first witness statement dated 15 May 2023 ("**Torcassi 1**"), filed in support of the Republic's application to stay execution of Mr. Justice Picken's 9 June 2023 order pending appeal, BCRA's "self-administered" status means: "[BCRA] has the ability to regulate itself and that it is independent from the National Government of the Republic. Regulations that govern agencies within the National Public Administration are not applicable to BCRA to the extent that such regulations limit the powers and competences the Organic Charter grants to BCRA. BCRA has its own legal personality and assets" ([8]). Mr. Torcassi also makes clear that BCRA's assets are immune from seizure ([10]). Torcassi 1 should have been (but was not) brought to the attention of the Court in O'Rourke 9. Nor does O'Rourke 9 draw attention to section 14(4) of the State Immunity Act 1978, which provides that where a central bank is a separate entity (as the BCRA

-5-

is), the central bank's assets are separately immune from execution unless written waiver is given by the central bank.

It follows that accounts held by BCRA are plainly outside of the scope of the TPDO Applications and the Interim Orders, which concern accounts held by the judgment debtor, *i.e.* the Republic.

*BNA S.A. and BICE*

Similarly, you ask for searches to be undertaken for "Banco De La Nación Argentina S.A. (*Banco De La Nación Argentina S.A.*)" ("**BNA S.A.**") and "Banco De Inversión y Comercio Exterior (*Banco De Inversión y Comercio Exterior*)" ("**BICE**"), which are also misleadingly described as State entities sitting within the Ministry of Economy.  O'Rourke 9 proffers no evidence at all as to the relevance of BNA S.A. or BICE to the TPDO Applications. Had it been intended that such entities – which operate under their own charter or bylaws, with separate legal personality, assets and governance structures – would fall within the scope of the TPDO Applications, then the justification for their inclusion should have been set out in O'Rourke 9, together with the objections that the Third Party Banks (or the Republic) might have been expected to raise.

*Aereolíneas*

Your request for searches in respect of "Aerolíneas Argentinas S.A. (*Aerolíneas Argentinas S.A.*)" ("**Aerolíneas**") (again misleadingly described as a State entity within the Ministry of Economy) raises similar concerns.  Had it been intended that Aerolíneas – which is a separate corporation with separate legal personality, assets and governance structure – would fall within the scope of the TPDO Applications, then the justification for its inclusion should have been set out in O'Rourke 9, together with the objections that the Third Party Banks (or the Republic) might have been expected to raise.

*Individual Office Holders*

You have requested searches in respect of a number of individual officeholders. O'Rourke 9 offers no explanation for this.  If your position is that personal accounts held by these individuals are relevant to the Claimants' enforcement efforts (which, for the avoidance of doubt, is incorrect), then that should have been explained in O'Rourke 9, together with the objections that the Third Party Banks (or the Republic) might have been expected to raise.

-6-

*Requests for Confirmation*

In light of the above, please confirm:

(1)     At a minimum, you will amend the Santander Application to withdraw search terms related to the BCRA, BNA S.A., BICE, Aerolíneas, and the individual office holders and that you will confirm in writing to the other Third Party Banks that such requests for searches are withdrawn.

Our client's rights are fully reserved.

Yours faithfully,

*Sullivan & Cromwell LLP*

**Sullivan & Cromwell LLP**

Cc:

Banco Santander S.A., London Branch, 2 Triton Square, London, Regents Place NW1 3AN (Jonathan.Bell@santander.co.uk)

Santander UK Plc, 2 Triton Square, London, Regents Place, NW1 3AN (bradfordcourtorders@santander.co.uk)

Bank of China (UK) Limited, 1 Lothbury, London, EC2R 7DB (victoria.williams@uk.bankofchina.com)

Bank of China Ltd, London Branch, 1 Lothbury, London, EC2R 7DB (victoria.williams@uk.bankofchina.com)

Banco Bilbao Vizcaya Argentaria, S.A., London Branch, One Canada Square, 44th Floor, Canary Wharf, London, E14 5AA (london-reception@bbva.com)

ICBC Standard Bank Plc, 20 Gresham Street, London, EC2V 7J (karin.melling@icbcstandard.com)

JPMorgan Chase Bank, National Association, London Branch, 25 Bank Street, Canary Wharf, London, E14 5JP, FAO Sarah E. Long

-7-

Standard Chartered Plc, 1 Basinghall Avenue, London, EC2V 5DD, FAO Oliver Perez

Reed Smith LLP, 1 Blossom Yard, London, E1 6RS, FAO Thomas Webley
(twebley@reedsmith.com)

-8-

## Appendix A

1. Banco Santander S.A. via its London branch (Companies House registration number: BR001085). Its registered address is 2 Triton Square, London, Regents Place, NW1 3AN.

2. Santander UK Plc (Companies House registration number: 02294747). Its registered address is 2 Triton Square, London, Regents Place, NW1 3AN.

3. Bank of China Ltd via its London branch (Companies House registration number: BR001417). Its registered address is 1 Lothbury, London EC2R 7DB.

4. Bank of China (UK) Limited (Companies House registration number: 06193060). Its registered address is 1 Lothbury, London, EC2R 7DB

5. Banco Bilbao Vizcaya Argentaria, S.A. via its London Branch (Companies House registration number: BR001254). Its registered address is One Canada Square, 44th Floor, Canary Wharf, London, E14 5AA.

6. ICBC Standard Bank Plc (Companies House registration number: 02130447). Its registered address is 20 Gresham Street, London, United Kingdom, EC2V 7JE.

7. JPMorgan Chase Bank, National Association via its London Branch (Companies House registration number: BR000746). Its registered address is 25 Bank Street, Canary Wharf, London, E14 5JP.

8. Standard Chartered Plc (Companies House registration number: 00966425). Its registered address is 1 Basinghall Avenue, London, United Kingdom, EC2V 5DD.