# EXHIBIT 31

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U., and PETERSEN ENERGIA S.A.U.<br><br>Plaintiffs and Judgment Creditors,<br><br>v.<br><br>ARGENTINE REPUBLIC,<br><br>Defendants and Judgment Debtor. | 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P.,<br><br>Plaintiffs and Judgment Creditors,<br><br>v.<br><br>ARGENTINE REPUBLIC,<br><br>Defendant and Judgment Debtor. | 16 Civ. 8569 (LAP) |

**THE ARGENTINE REPUBLIC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**INFORMATION SUBPOENA**

Pursuant to Rule 5224 and Sections 3122 and 5240 of the New York Civil Practice

Law and Rules (the "CPLR"), Rule 69(a)(2) of the Federal Rules of Civil Procedure, and the

Local Rules of the United States District Court for the Southern District of New York (together,

the "Rules"), Defendant the Argentine Republic ("Argentina" or the "Republic") hereby

responds and objects to Plaintiffs' Petersen Energía Inversora S.A.U., Petersen Energía S.A.U.,

Eton Park Capital Management L.P., Eton Park Master Fund, Ltd, and Eton Park Fund L.P.

(collectively, "Plaintiffs") Information Subpoena, dated May 15, 2024 (the "Subpoena" or

**CONFIDENTIAL**

"Questions"), in the above-captioned actions (the "Actions") as follows (the "Response").

**GENERAL OBJECTIONS**

The following General Objections apply to each of the Definitions, Instructions, and Questions and shall have the same force and effect as if set forth in full in response to each individually numbered Definition, Instruction, or Question.  Certain General Objections may be specifically repeated in individual responses for the purpose of emphasis.  Failure to make a specific reference to a General Objection is not a waiver of any General Objection.

In the event any information falling within one or more of these objections is disclosed in response to the Questions, the disclosure is inadvertent and is not a waiver of the objection.

The objections and responses herein are based on the Republic's present knowledge, information, and belief and on its document productions to date.  Further investigation may reveal additional facts or documents that could result in additions to, changes in, and/or variations from, the responses herein.  Without in any way obligating itself to do so, the Republic reserves the right to amend, revise, correct, supplement, and clarify any of the objections or responses herein.  Regardless of whether the Republic provides a response to any Question in the Subpoena, the Republic reserves the right (but does not assume the obligation) to: (i) revise, correct, supplement, or clarify the content of these Responses and Objections in accordance with the CPLR and the Rules; (ii) provide additional responses in the future; (iii) object to further post-judgment discovery in the Actions; (iv) rely upon any documents produced in the Actions in any hearing, proceeding, or trial in the Actions; and (v) challenge the authenticity or admissibility in any proceeding, hearing, or trial of any documents.

1. The Republic objects to the Questions in their entirety to the extent that they impinge upon the Republic's sovereign dignity in violation of the "grace and comity" to which it

-2-
**CONFIDENTIAL**

is entitled as a sovereign state. *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014).

2.   The Republic objects to the Questions as overbroad and not relevant to or reasonably calculated to assist in collecting on the judgment to the extent that they seek information and documents that are only relevant to assets that are immune from execution, including pursuant to the Foreign Sovereign Immunities Act ("FSIA"), *see* 28 U.S.C. § 1609.  The Republic has not "waived its immunity from attachment in aid of execution or from execution either explicitly or by implication."  28 U.S.C. § 1610(a)(1).  The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable Argentine, U.S., foreign, and/or international law—including, but not limited to, the FSIA, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, other countries' laws relating to sovereign immunity, and/or another applicable protection for foreign state property.  Such property includes, without limitation, diplomatic bank accounts, military bank accounts, diplomatic facilities, military facilities, and other government-owned facilities and assets used to provide essential services and perform core government functions.

3.   The Republic objects to the Questions to the extent that they purport to impose burdens or obligations on the Republic that are broader than, inconsistent with, or not authorized by the CPLR, the Rules, or any other applicable legal authority.

4.   The Republic objects to the Questions to the extent that they are overbroad, ambiguous, cumulative, and duplicative.

5.   The Republic objects to the Questions to the extent they call for information that is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. §§ 3101(a), 5223.  Provision of any

**CONFIDENTIAL**

information in response to these Questions should not be construed as, and does not constitute, an admission as to the relevance or proportionality of any information provided therein.

6.    The Republic objects to the Questions to the extent that they seek the discovery of information that is protected by the deliberative process privilege, the executive privilege, the attorney-client privilege, the attorney work product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity, or protection from disclosure, or that is otherwise protected from disclosure under the Rules, or subject to protective orders, non-disclosure agreements, or other confidentiality undertakings. Nothing contained in this Response is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended to be, nor should be interpreted as, evidence that the Republic does not object to a Question on the basis of an applicable privilege, immunity, or protection. Inadvertent disclosure of any information that is subject to any protection or privilege shall not constitute a waiver of the Republic's rights to: (i) seek the return or destruction of such inadvertently disclosed information or (ii) object to the use of such material for any purpose in, or at any stage of, the Actions, or in any other action or proceeding.

7.    The Republic objects to the Questions to the extent they call for information that it is protected from disclosure by contract, order, statute, rule, regulation, or law, including but not limited to any applicable privacy laws or public information laws, such as Argentina's Law 25,326 of Personal Data Protection (*Ley de Protección de los Datos Personales*), Law 27,275 of Right of Public Access to Public Information (*Ley de Derecho de Acceso a la Información Pública)* and its regulatory decrees (Decrees Nos. 206/2017 and 780/2024), Law 11,683 of Tax Procedures

**CONFIDENTIAL**

(*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

8.    The Republic objects to the Questions, including the Definitions, Instructions, and Questions set forth therein, to the extent that they purport to require the Republic to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments.    The Republic further objects to the Questions to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place, or contain inaccurate, incomplete, or misleading descriptions of facts, persons, or events.    Any response to the Questions is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission concerning any of the terms used, or assertions made, in the Questions.    In responding and objecting to the Questions, the Republic does not admit the correctness of any such assertions.    Further, any response to the Questions does not constitute an acknowledgment or admission of the existence of any claim or any liability of the Republic or an acknowledgment that any ability to bring proceedings in any jurisdiction or any limitation period relating thereto has been revived or reinstated, or an express or implied promise to pay any sum. All defenses available to the Republic relating to any applicable statute of limitations or otherwise are expressly preserved for all purposes.

9.    For any Question to which the Republic objects on grounds of vagueness, the Republic will read, object, and/or respond to the Question according to its own good-faith interpretation of the Question, to the extent possible.

10.    The Republic objects to the Questions to the extent that they purport to seek the discovery of information that is not in its possession, custody, or control as of the date of the

**CONFIDENTIAL**

Subpoena, or is available from a more convenient, more efficient, less burdensome, or less expensive source than the Republic.

11.    The Republic objects to the Questions to the extent that they purport to seek the discovery of information that is publicly available, already in Plaintiffs' possession, or otherwise available from sources to which Plaintiffs also have access, including the Republic's prior productions to Plaintiffs in these Actions.

12.    The Republic objects to the Questions to the extent that they purport to require the Republic to conduct anything beyond a reasonable and diligent investigation, including conferring with the ministries, secretariats, and offices that are most likely to have the information sought.

13.    The Republic preserves, and does not waive, any objection as to competence, relevance, materiality, propriety, and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence.  The Republic reserves the right to make any and all such objections at any proceeding relating to the Actions.

14.    This Response is solely in the name of and on behalf of the Republic.  The Republic objects to the Questions to the extent that they purport to require the Republic to provide information that is in the possession, custody, or control of any individuals, agencies, or instrumentalities of the Republic with legal identities separate and apart from those of the Republic on the grounds that such information is not in the Republic's possession, custody, or control, and is not relevant to the satisfaction of the judgment, proportional to the needs of the case, or reasonably calculated to assist in collecting on the judgment in these Actions.

15.    The Republic objects to the Questions to the extent they are duplicative of Plaintiffs' First Post-Judgment Requests for Production of Documents served on October 16, 2023

-6-
**CONFIDENTIAL**

(the "First Document Requests"), to which the Republic responded and objected on November 15, 2023 and Plaintiffs' Second Post-Judgment Requests for Production of Documents served on May 15, 2024 (the "Second Document Requests"), to which the Republic responded and objected on June 14, 2024.

16.     The Republic objects to the Questions to the extent they seek information regarding any purported assets located in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  *See* N.Y. C.P.L.R. §§ 3101(a), 5223; *see also* Fed. R. Civ. P. 26(b)(1).  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, like many countries, a foreign judgment can only be enforced through an *exequatur* proceeding (provided for in Articles 517 and 518 of National Civil and Commercial Procedural Code).  In the specific case of enforcement of judgments against the National State, judgments are to be paid with the sums allocated in the General Budget of the National Administration (Article 20 of Law 24,624) and it is not permissible to enforce directly against state assets (Article 165 of Law 11,672).  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.  The Republic will not be providing information regarding assets located in Argentina in response to any Question.

## OBJECTIONS TO DEFINITIONS

1.     The Republic objects to each of the Definitions, and to any Definition, Instruction, or Question that incorporates that Definition, to the extent that the Definition purports to broaden the obligations imposed by the Rules.  Subject to and without waiver of these objections, in responding to the Questions, the Republic will comply, and construe the Definitions consistently with, the Rules.

**CONFIDENTIAL**

2.     The Republic further objects to each of the Definitions, and to any Definition, Instruction, or Question that incorporates that Definition, to the extent that the Definition purports to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Rules.

3.     The Republic further objects to the defined terms "Argentina," "You," and "Your," and to any Definition, Instruction, or Question that incorporates those Definitions, (a) on the grounds that such Definitions seek the discovery of information that is in the possession, custody, or control of third parties; (b) to the extent that such Definitions fail to distinguish between or among distinct government entities; (c) to the extent that such Definitions purport to require the Republic to discern or inquire about relationships between or among third-party entities; and (d) on the grounds that such Definitions are vague, ambiguous and confusing because they include "representatives, and all other Persons acting or purporting to act for or on Argentina's behalf" and uses the term "servants," which has not been defined with sufficient particularity.

4.     The Republic further objects to the defined term "Asset," and to any Definition, Instruction, or Question that incorporates that Definition, to the extent that it refers to assets that are immune from execution, including pursuant to the FSIA, *see* 28 U.S.C. § 1609. The Republic has not "waived its immunity from attachment in aid of execution or from execution either explicitly or by implication." 28 U.S.C. § 1610(a)(1). The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, other countries' laws relating to sovereign immunity, and/or another applicable protection for foreign state property. Such property includes, without limitation, diplomatic facilities, military facilities, and other

-8-
**CONFIDENTIAL**

government-owned facilities and assets used to provide essential services and perform core government functions.

5.      The Republic further objects to the defined term "China," and to any Definition, Instruction, or Question that incorporates that Definition, on the grounds that the Definition is overbroad, vague, ambiguous, and confusing in including "all other Persons acting or purporting to act for or on China's behalf."  Subject to and without waiver of these objections, (i) in responding, or providing information in response, to any Questions incorporating that Definition, the Republic will not make any inquiry to attempt to identify any relationships between or among Persons that are not affiliated with China; and (ii) the Republic's Response is not intended, and shall not be construed, as an admission with respect to any relationships between or among Persons unaffiliated with China.

6.      The Republic further objects to the defined term "Commercial Transaction," and to any Definition, Instruction, or Question that incorporates that Definition, to the extent that it refers to assets that are immune from execution, including pursuant to the FSIA, *see* 28 U.S.C. § 1609.  The Republic has not "waived its immunity from attachment in aid of execution or from execution either explicitly or by implication."  28 U.S.C. § 1610(a)(1).  The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, other countries' laws relating to sovereign immunity, and/or another applicable protection for foreign state property.  Such property includes, without limitation, diplomatic facilities, military facilities, and other government-owned facilities and assets used to provide essential services and perform core government functions.

**CONFIDENTIAL**

7.      The Republic further objects to the defined term "Debt," and to any Definition, Instruction, or Question that incorporates that Definition, as overbroad and not reasonably calculated to assist in collecting on the judgment because the Republic's "Debt" is neither an asset nor property of the Republic and is therefore outside the scope of asset discovery. The Republic further objects to the defined term "Debt," and to any Definition, Instruction, or Question that incorporates that Definition, because the breadth of the Definition impinges upon the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state. *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014).

8.      The Republic further objects to the defined term "Judgment," and to any Definition, Instruction, or Question that incorporates that Definition, to the extent the Definition's reference to the judgment being "final" fails to take into account the pending appeal of the Court's September 15, 2023 judgment.

9.      The Republic further objects to the defined term "Payment," and to any Definition, Instruction, or Question that incorporates that Definition, as vague, ambiguous, and confusing because it uses the term "service," which has not been defined with sufficient particularity.

10.      The Republic further objects to the defined term "YPF," and to any Definition, Instruction, or Question that incorporates that Definition, to the extent that it purports to require the Republic to discern or inquire about relationships between or among entities that are not affiliated with YPF S.A. The Republic also objects to the defined term "YPF" as vague and confusing because it uses the term "servants," which has not been defined with sufficient particularity. Subject to and without waiver of these objections, (i) in responding, or providing

-10-
**CONFIDENTIAL**

information in response, to any Questions incorporating that Definition, the Republic will not make any inquiry to attempt to identify any relationships between or among entities that are not affiliated with YPF S.A.; and (ii) the Republic's Response is not intended, and shall not be construed, as an admission with respect to any relationships between or among entities unaffiliated with YPF.  For the avoidance of doubt, the Republic is providing answers to the Questions with information in its own possession, custody, or control, and not information in the possession, custody, or control of YPF.

## OBJECTIONS TO INSTRUCTIONS

1.    The Republic objects to Instruction No. 1 as overbroad and unduly burdensome because it seeks information not needed to "identify" a Person that is a corporation or other legal, business, or governmental entity, including that Person's "Full corporate name," "Last known headquarters address," "Place of incorporation or organization," and "Address(es)."  In providing any response to the Questions, the Republic will provide only the information within its possession, custody, and control regarding the Person sufficient to identify that Person, specifically that Person's full corporate name (if relevant and known to the Republic).

2.    The Republic objects to Instruction No. 2 as overbroad and unduly burdensome because it seeks information not needed to "identify" a Person that is an individual, including that Person's "Full name," "Last known business address," "Last known residential address," "Last known occupation or employer (or business affiliation)," "Last known title or position," "Employer and position at the time relevant to the particular inquiry," and "A brief description of the duties and responsibilities of the Person at the time relevant to the particular inquiry."  The Republic further objects to Instruction No. 2 to the extent it calls for information that it is protected from disclosure by law, including any applicable privacy laws, such as Argentina's Law 25,326 of Personal Data Protection (*Ley de Protección de los Datos Personales*).

-11-
**CONFIDENTIAL**

In providing any response to the Questions, the Republic will provide only the information within its possession, custody, and control regarding the Person sufficient to identify that Person, specifically that Person's name and title or position (if relevant and known to the Republic).

3. The Republic objects to Instruction No. 3, which states that the time period covered by the Questions is "from January 1, 2020 to the present," on the grounds that it is overbroad and unduly burdensome, and it seeks information and documents that are not relevant or proportional to the needs of the case and not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

**OBJECTIONS TO WRITTEN QUESTIONS**

**WRITTEN QUESTION NO. 1**

State whether Argentina will satisfy the Judgment in full, and if so, when it intends to initiate and complete the payments required to satisfy the Judgment.

**RESPONSE TO WRITTEN QUESTION NO. 1**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 1 to the extent that it requires the Republic to draw subjective or legal conclusions or is predicated on subjective or legal conclusions or arguments. The Republic also objects to this Question to the extent it impinges upon the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state and is not relevant or reasonably calculated to assist in collection on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that there are legal and practical barriers to paying the judgment, which represents almost 20% of the Republic's 2023 budget, in these Actions. (*See Petersen* ECF No. 514 at 1.) A judgment that is subject to appeal is not considered final and cannot be budgeted for under Argentine law. (*See*

-12-
**CONFIDENTIAL**

*id.* at 4.)  The Republic also cannot borrow the funds that would be necessary to pay the judgment.

(*Id.* at 5.)

**WRITTEN QUESTION NO. 2**

List all YPF Shares, including their number, class, location, associated account number and, if applicable, "constancia no." currently owned by Argentina, with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 2**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 2 as cumulative and duplicative of prior discovery requests, including the First Document Requests and the Second Document Requests.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has responded to this Question through its document production in response to Plaintiffs' First Document Request No. 1, which sought "Documents sufficient to identify and locate all Shares of YPF currently owned by Argentina."  The Republic should not be required to re-review its own productions to respond to the Questions.  *See Espinal* v. *Coughlin*, 2000 WL 245879, at *1 (S.D.N.Y. Mar. 3, 2000) (Patterson, J.).

The Republic further objects to Question No. 2 on the grounds that it seeks information solely related to YPF Shares, which are located in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly

**CONFIDENTIAL**

against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

The Republic also objects to Question No. 2 because it seeks information related to the Republic's ownership of YPF Shares. On April 1, 2024, Plaintiffs moved for turnover of the Republic's YPF Shares; as described in the Republic's May 16, 2024 opposition to that motion, the YPF Shares are located in Argentina and are not subject to turnover under the FSIA. Plaintiffs' motion is fully briefed, and no further discovery regarding the YPF Shares would assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that it currently owns the YPF Shares identified in the documents produced at Bates Nos. AR00123654–AR00123655. *See also* AR00159708–AR00159975 at AR00159800.

## WRITTEN QUESTION NO. 3

List every brokerage account, trust account, custodial account, or other Financial Institution account through which Argentina held or currently holds YPF Shares during the period from April 16, 2012 to the present, with citations to relevant Bates-Numbered Documents.

## RESPONSE TO WRITTEN QUESTION NO. 3

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 3 as cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question through its production in response to Plaintiffs' First Document Request No. 2, which sought "Documents sufficient to identify and locate all brokerage accounts, trust accounts, custodial accounts, or other Financial Institution accounts through which Argentina holds shares of YPF." The Republic should not be required to review

-14-
**CONFIDENTIAL**

its own productions to respond to Plaintiffs' duplicative written questions. *See Espinal*, 2000 WL 245879, at *1.

The Republic further objects to Question No. 3 on the grounds that it seeks information solely related to YPF Shares, which are located in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

The Republic also objects to Question No. 3 because it seeks information related to the Republic's ownership of YPF Shares. On April 1, 2024, Plaintiffs moved for turnover of the Republic's YPF Shares; as described in the Republic's May 16, 2024 opposition to that motion, the YPF Shares are located in Argentina and are not subject to turnover under the FSIA. Plaintiffs' motion is fully briefed, and no further discovery regarding the YPF Shares would assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that it holds all YPF Shares at Caja de Valores and directs Plaintiffs to the Caja de Valores share certificates produced at Bates Nos. in the following ranges: AR00123654–AR00123655, AR00124084–AR00124097, AR00126414–AR00126452.

**CONFIDENTIAL**

**WRITTEN QUESTION NO. 4**

Identify whether any payment was made by Argentina to Repsol referenced in Bates-Numbered Documents AR00137327 and AR00137324 regarding the cancellation, deregistration, or termination of YPF Shares. To the extent any such payment was made, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in which any payment during the period from April 16, 2012 to the present was made, including, but not limited to, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from April 16, 2012 to the present.

**RESPONSE TO WRITTEN QUESTION NO. 4**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 4 on the grounds that it seeks information solely related to YPF Shares, which are located in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

The Republic also objects to Question No. 4 because it seeks information related to the Republic's ownership of YPF Shares. On April 1, 2024, Plaintiffs moved for turnover of the Republic's YPF Shares; as described in the Republic's May 16, 2024 opposition to that motion, the YPF Shares are located in Argentina and are not subject to turnover under the FSIA. Plaintiffs' motion is fully briefed, and no further discovery regarding the YPF Shares would

-16-
**CONFIDENTIAL**

assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that the Bates-Numbered Documents AR00137327 and AR00137324 refer to the account where the bonds were to be deposited for the payment of the settlement agreement (*Convenio de Avenimiento*) between Repsol and the Republic, and not to any payment "regarding the cancellation, deregistration, or termination of YPF Shares."

## WRITTEN QUESTION NO. 5

List all agreements between Argentina and any of the provinces concerning YPF shares, or between any of the Provinces, concerning YPF Shares, during the period from April 16, 2012 to the present, with citations to relevant Bates-Numbered Documents.

## RESPONSE TO WRITTEN QUESTION NO. 5

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 5 because it seeks information not in the Republic's possession, custody, or control, to the extent it seeks information on agreements "between any of the Provinces" themselves, which are autonomous states located in Argentina.

The Republic also objects to Question No. 5 on the grounds that it seeks information solely related to YPF Shares, which are located in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly

**CONFIDENTIAL**

against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

The Republic further objects to Question No. 5 because it seeks information related to the Republic's ownership of YPF Shares. On April 1, 2024, Plaintiffs moved for turnover of the Republic's YPF Shares; as described in the Republic's May 16, 2024 opposition to that motion, the YPF Shares are located in Argentina and are not subject to turnover under the FSIA. Plaintiffs' motion is fully briefed, and no further discovery regarding the YPF Shares would assist in collecting on the judgment in these Actions.

The Republic also objects to Question No. 5 as cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question through its production of documents in response to Plaintiffs' First Document Request No. 10, which sought "[a]ny agreement between Argentina and any of the Provinces, or between any of the Provinces, concerning the Shares of YPF, during the period from April 16, 2012 to the present." The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative written questions. *See Espinal*, 2000 WL 245879, at *1.

The Republic further objects to Question No. 5 because it seeks information that is neither relevant nor proportional to the needs of the case because it is not relevant to the satisfaction of the judgment or reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that it is only aware of the agreement between the Republic and the Provinces that are part of the

**CONFIDENTIAL**

*Organización Federal de Estados Productores de Hidrocarburos* consistent with the

Expropriation Law regarding the pending transfer of YPF Shares to the provinces, produced to

Plaintiffs as Bates Nos. AR00119339–AR00119343; AR00123656.

**WRITTEN QUESTION NO. 6**

Identify whether Argentina has made any distributions to the Provinces of dividends issued by YPF during the period from April 16, 2012 to the present, with citations to relevant Bates-Numbered Documents. To the extent any such distributions were made, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in which any distribution during the period from April 16, 2012 to the present was made, including, but not limited to, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from April 16, 2012 to the present.

**RESPONSE TO WRITTEN QUESTION NO. 6**

The Republic incorporates its General Objections, Objections to Definitions, and

Objections to Instructions by reference and further objects to Question No. 6 as cumulative and

duplicative of prior discovery.  Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The

Republic has already responded to this Question in confirming on February 5, 2024 that no

responsive documents existed in response to Plaintiffs' First Document Request No. 11, which

sought "Documents sufficient to identify any distribution by Argentina to the Provinces of

dividends issued by YPF, during the period from April 16, 2012 to the present."

The Republic also objects to Question No. 6 because it seeks information that is

neither relevant nor proportional to the needs of the case because it is not reasonably calculated

to assist in collecting on the judgment in these Actions.  Specifically, the Question seeks

information related to monies that may have already been distributed to third parties that are

autonomous states also located in Argentina and have nothing to do with the identification of

current assets of the Republic.

The Republic further objects to Question No. 6 on the grounds that it seeks

**CONFIDENTIAL**

information solely related to YPF Shares, which are located in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

The Republic also objects to Question No. 6 because it seeks information related to the Republic's ownership of YPF Shares. On April 1, 2024, Plaintiffs moved for turnover of the Republic's YPF Shares; as described in the Republic's May 16, 2024 opposition to that motion, the YPF Shares are located in Argentina and are not subject to turnover under the FSIA. Plaintiffs' motion is fully briefed, and no further discovery regarding the YPF Shares would assist in collecting on the judgment in these Actions.

The Republic further objects to Question No. 6 as overbroad to the extent it seeks information pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment. Specifically, Plaintiffs' Request for a response covering the period from April 16, 2012 to the present is overbroad and unduly burdensome. The Republic will respond only for the period from January 1, 2020 to the present.

Subject to and without waiving the foregoing objections, the Republic states that

-20-
**CONFIDENTIAL**

no dividend distributions have been made to the Provinces from January 1, 2020 to the present as no dividends have been paid by YPF since 2019.  This information is available to Plaintiffs in YPF's Form 20-F filings and on YPF's website (*see* https://investors.ypf.com/Dividends.html).

## WRITTEN QUESTION NO. 7

List any Asset of Argentina in the United States or any Foreign Country, with citations to relevant Bates-Numbered Documents.

## RESPONSE TO WRITTEN QUESTION NO. 7

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 7 as overbroad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery, Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to this Question regarding Assets in Foreign Countries through its production in response to Plaintiffs' First Document Request No. 13, which sought "Documents sufficient to identify and locate any Asset of Argentina in the United States or any Foreign Country."  The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative Questions.  *See Espinal*, 2000 WL 245879, at *1.

The Republic also objects to Question No. 7 to the extent that it requests information related to Assets in the United States.  Plaintiffs agreed not to pursue their discovery requests concerning assets in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer.  To the extent this Question seeks information related to assets in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment.  *See* 28 U.S.C. §§ 1609, 1610(a).

Subject to and without waiving the foregoing objections, the Republic states that its Assets in Foreign Countries consist of the consular and military real property identified in

**CONFIDENTIAL**

Bates Nos. AR00139046–AR00140668 and AR00140797–AR00140826. The Republic confirms that based on the searches conducted it has not identified movable Assets in Foreign Countries. Regarding any financial accounts in Foreign Countries that may be responsive to this Question, the Republic refers to its response to Question No. 9 *infra*.

**WRITTEN QUESTION NO. 8**

List any legal or beneficial interest of Argentina in any Asset in the United States or any Foreign Country, regardless of whether such Asset is owned by or held in the name of a Person other than Argentina, with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 8**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 8 as overly broad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question by confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 14, which sought "Documents sufficient to identify and locate any legal or beneficial interest of Argentina in any Asset in the United States or any Foreign Country, regardless of whether such Asset is owned by or held in the name of a Person other than Argentina." (*See* Apr. 15, 2024 Letter from A. Davidoff at 3.)

The Republic also objects to Question No. 8 to the extent that it requests information related to Assets in the United States. Plaintiffs agreed not to pursue their discovery requests concerning assets in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer. To the extent this Question seeks information related to assets in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment. *See* 28 U.S.C. §§ 1609, 1610(a).

**CONFIDENTIAL**

Subject to and without waiving the foregoing objections, the Republic states that aside from Assets identified in response to Question 7, it is unaware of any "legal or beneficial interest" it owns in Assets in any Foreign Country.

**WRITTEN QUESTION NO. 9**

List any bank account, brokerage account, trust account, custodial account, or other Financial Institution account, maintained in whole or in part in the name of Argentina, that is beneficially owned in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina, with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 9**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 9 as overly broad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question through its production in response to Plaintiffs' First Document Request No. 15, which sought "Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country, maintained in whole or in part in the name of Argentina, that is beneficially owned in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina," as well as in its objection to Plaintiffs' Second Document Request No. 5, which sought "Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in Argentina, maintained in whole or in part in the name of Argentina, that is beneficially owned in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina." The Republic should not be required to review its own

**CONFIDENTIAL**

productions to respond to Plaintiffs' duplicative Questions.  *See Espinal*, 2000 WL 245879, at *1.

The Republic also objects to Question No. 9 to the extent that it requests information related to Assets in the United States.  Plaintiffs agreed not to pursue their discovery requests concerning assets in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer.  To the extent this Question seeks information related to assets in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment.  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Question No. 9 to the extent that it seeks information related to accounts which are located in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.  The Republic will not respond to this question as to accounts in Argentina.

Subject to and without waiving the foregoing objections, the Republic states that its accounts in Foreign Countries consist solely of the military, diplomatic, and consular accounts identified in Bates Nos.  AR00161234–AR00161244;  AR00161245–AR00162374;

**CONFIDENTIAL**

AR00162375–AR00162636; AR00163234–AR00174479; AR00174496–AR00174500;

AR00174622–AR00174657; AR00174694.

**WRITTEN QUESTION NO. 10**

List any Debt owed to Argentina by Person, by whom, the amount or value of money or other item of economic value owed pursuant to the Debt, whether the Debt is recurring, the date of Payment or timing of expected Payment, a description of how the Debt arose, and any collateral associated with the Debt, with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 10**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 10 as overly broad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question through its production in response to Plaintiffs' First Document Request No. 17, which sought "Documents sufficient to identify any Debt, owed to Argentina by any Person, located in the United States or any Foreign Country, including but not limited to any collateral or security provided in connection with such Debt," as well as in its objection to Plaintiffs' Second Document Request No. 7, which sought "Documents sufficient to identify any Debt— including the identity of the holders of any such Debt, the amount (principal and any interest) of the Debt, and all terms concerning the Debt—owed to Argentina by any Person located in Argentina, including but not limited to any collateral or security provided in connection with such Debt." The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative Questions. *See Espinal*, 2000 WL 245879, at *1.

The Republic also objects to Question No. 10 to the extent that it requests information related to Debts in the United States. Plaintiffs agreed not to pursue their discovery requests concerning assets or debts in the United States in their January 26, 2024 Letter and at

**CONFIDENTIAL**

the parties' February 23, 2024 meet and confer.  To the extent this Question seeks information related to Debts in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment.  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Question No. 10 to the extent that it seeks information related to Debts in Argentina.  Discovery regarding any assets or Debts of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.  The Republic will not respond to this question as to Debts in Argentina.

Subject to and without waiving the foregoing objections, the Republic states that the only Debt owed to Argentina by any Person, located in any Foreign Country is related to the Yacyretá Dam Project and directs Plaintiffs to documents with Bates Numbers produced in the following ranges:  AR00159557–AR00159611, AR00174489–AR00174495.  The Republic further states that the amount owed under the agreements governing this Debt is a matter of disagreement between the parties to the agreements, and the 2017 agreement is not in force.

## WRITTEN QUESTION NO. 11

List any Debt owed by Argentina to any Person, to whom, the amount or value of money or other item of economic value owed pursuant to the Debt, whether the Debt is recurring,

**CONFIDENTIAL**

the date of Payment or timing of expected Payment, a description of how the Debt arose, and any collateral associated with the Debt, with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 11**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 11 as cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question through its production in response to Plaintiffs' First Document Requests, which sought "Documents sufficient to identify any Debt, including the identity of the holders of any such Debt, owed by Argentina to any Person located in the United States or any Foreign Country, including but not limited to any collateral or security provided in connection with such Debt," as well as in its objection to Plaintiffs' Second Document Request No. 8, which sought "Documents sufficient to identify any Debt, including the identity of the holders of any such Debt, owed by Argentina to any Person located in Argentina, including but not limited to any collateral or security provided in connection with such Debt." The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative Questions. *See Espinal*, 2000 WL 245879, at *1.

The Republic further objects to Question No. 11 because it is overly broad and unduly burdensome, seeks information that is neither relevant nor proportional to the needs of the case, and because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Question seeks information regarding "any" Debt owed by the Republic anywhere in the world, which is neither an asset nor property of the Republic and is therefore outside the scope of asset discovery. The Republic also objects to this Question to the extent that it seeks information and documents not within the Republic's possession, custody, or control. The Republic further objects to this Question to the extent that it seeks information and

-27-
**CONFIDENTIAL**

documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic also objects to Question No. 11 to the extent that it requests information related to Debts in the United States.  Plaintiffs agreed not to pursue their discovery requests concerning assets or debts in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer.  To the extent this Question seeks information related to Debts in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment.  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Question No. 11 to the extent that it seeks information related to Debts owed to creditors in Argentina.  Discovery regarding any assets or Debts of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not reasonably calculated to assist in collecting on the judgment in these Actions.  The Republic will not respond to this question as to Debts in Argentina.

Subject to and without waiving the foregoing objections, the Republic states that it is aware of peso-denominated bonds, information on which is contained in Bates Numbered

-28-
**CONFIDENTIAL**

documents AR00124098–AR00124971, foreign currency-denominated debts, information on which is contained in Bates Numbered documents AR00125179–AR00126385, arbitral awards against the Republic, information on which is contained in Bates Numbered documents AR00152276–AR00154173, and final judgments against the Republic, information on which is contained in AR00160365–AR00160367.[1]

## WRITTEN QUESTION NO. 12

With respect to the above Requests 10 and 11, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account through which any Payment will be made, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, with citations to relevant Bates-Numbered Documents.

## RESPONSE TO WRITTEN QUESTION NO. 12

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 12 as overly broad, unduly burdensome, and cumulative and duplicative of prior discovery.  Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to this Question in confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 19, which sought "[f]or any Debts identified in response to Requests 17 and 18, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Debts," as well as in its objection to Plaintiffs' Second Document Request No. 9, which sought "[f]or any Debts

---

[1]    This response does not constitute an acknowledgment or admission of the existence of any claim or any liability of the Republic or an acknowledgment that any ability to bring proceedings in any jurisdiction or any limitation period relating thereto has been revived or reinstated, or an express or implied promise to pay any sum.  All defenses available to the Republic relating to any applicable statute of limitations or otherwise are expressly preserved for all purposes.

**CONFIDENTIAL**

identified in response to Requests 7 and 8, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in Argentina that is used to pay or receive payments in connection with such Debts."

The Republic further objects to Question No. 12 to the extent that it seeks information and documents not within the Republic's possession, custody, or control. The Republic also objects to this Question to the extent that it seeks information and documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic also objects to Question No. 12 to the extent that it requests information related to accounts in the United States. Plaintiffs agreed not to pursue their discovery requests concerning assets or debts in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer. To the extent this Question seeks information related to accounts in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment. *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Question No. 12 to the extent that it seeks information related to accounts in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of

**CONFIDENTIAL**

the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

No accounts responsive to this Question exist outside of Argentina, and therefore no response is required.

## WRITTEN QUESTION NO. 13

List the ministries, agencies, political subdivisions, and representatives, and all other Persons acting or purporting to act for or on Argentina's behalf in negotiations from January 1, 2020 to the present with China regarding any financial agreement.

## RESPONSE TO WRITTEN QUESTION NO. 13

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 13 as overbroad and unduly burdensome, because it seeks information that is neither relevant nor proportional to the needs of the case and because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Question seeks information regarding "ministries, agencies, political subdivisions, and representatives" acting on Argentina's behalf in certain negotiations, which is irrelevant to identifying assets of the Republic.

The Republic also objects to Question No. 13 because it unduly impinges on the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state by requesting information about the inner workings of government that is highly confidential and to the extent it seeks non-public information under Argentine law, *see* Law 27,275 of Right of Public Access to Public Information (*Ley de Derecho de Acceso a la Información Pública*) and Decrees Nos. 206/2017 and 780/2024.

-31-
**CONFIDENTIAL**

The Republic also objects to Question No. 13 because it seeks information regarding Persons "purporting" to act on behalf of the Republic, which is information outside the Republic's possession, custody, or control.

The Republic will not provide information in response to this Question.

## WRITTEN QUESTION NO. 14

List all financial agreements between Argentina and China, with citations to relevant Bates-Numbered Documents.

## RESPONSE TO WRITTEN QUESTION NO. 14

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 14 as overly broad, unduly burdensome, and cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question through its production in response to Plaintiffs' First Document Request No. 20, which asked for "Documents sufficient to identify any financial agreement between China and Argentina." The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative Questions. *See Espinal*, 2000 WL 245879, at *1.

The Republic further objects to Question No. 14 on the grounds that it impinges upon the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state.

Subject to and without waiving the foregoing objections, the Republic states that it is aware of the following agreements between Argentina and China: *Aprovechamiento Hidroeléctricos del Río Santa Cruz 'Represas Presidente Dr. Néstor Kirchner y Gobernador Carlos Cepernic'* (AR00137773–AR00137777, AR00137785–AR00137788, and AR00137905–AR00138641); *Proyecto de Rehabilitación del Ferrocarril Belgrano Cargas*

**CONFIDENTIAL**

(AR00137768–AR00137772 and AR00138642–AR00139045); *Parque Fotovoltaico Cauchari Solar I, II y III* (AR00137778–AR00137781 and AR00137789–AR00137871); *Proyecto Integral Jujuy Seguro e Interconectado* (AR00137782–AR00137784 and AR00137872–AR00137904).

**WRITTEN QUESTION NO. 15**

With respect to any financial agreements between Argentina and China, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account through which any Payment has been or will be made, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 15**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 15 as overly broad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question by confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 21, which sought "[f]or any Agreements with China identified in response to Request 20, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Agreements with China."

The Republic further objects to Question No. 15 to the extent that it seeks information and documents not within the Republic's possession, custody, or control. The Republic also objects to this Question to the extent that it seeks information and documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*),

and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic further objects to Question No. 15 to the extent that it seeks information related to accounts in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

No accounts responsive to this Question exist outside of Argentina, and therefore no response is required.

## WRITTEN QUESTION NO. 16

List all Commercial Transactions between Argentina and any Person, including but not limited to the parties to the Commercial Transaction, the asset, service, right or obligation being exchanged for consideration, the amount of the consideration, and any agreement(s) or contract(s) governing the Commercial Transaction, with citations to relevant Bates-Numbered Documents.

## RESPONSE TO WRITTEN QUESTION NO. 16

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 16 as overly broad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to

**CONFIDENTIAL**

this Question through its production in response to Plaintiffs' First Document Request No. 22, which sought "Documents sufficient to identify any Commercial Transaction between Argentina and any Person located in the United States or in any Foreign Country."  The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative Questions.  *See Espinal*, 2000 WL 245879, at *1.

The Republic also objects to Question No. 16 to the extent that it requests information related to accounts in the United States.  Plaintiffs agreed not to pursue their discovery requests concerning assets or debts in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer.  To the extent this Question seeks information related to accounts in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment.  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic also objects to Question No. 16 to the extent it seeks information related to Commercial Transactions with Persons in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

**CONFIDENTIAL**

Subject to and without waiving the foregoing objections, the Republic states that it is currently aware of the following responsive transactions:

- A transaction between Airbus Helicopters Chile SpA and the Ministry of Security (Bates Nos. AR00137057–AR00137323);

- Transactions between Ebsco México Inc. S.A. de C.V. and the Undersecretariat of Science and Technology (Bates Nos. AR00154174–AR00154723 and AR00155347–AR00156430);

- A transaction between Elsevier B.V. and the Undersecretariat of Science and Technology (Bates Nos. AR00154724–AR00155346);

- A transaction between Airbus Chile SPA and the Ministry of Security (Bates Nos. AR00157521 – AR00159198);

- Transactions between Seguridad & Identificación Consulting S.L. and the Ministry of Security (Bates Nos. AR00147543–AR00148036 and AR00159199–AR0159556);

- A transaction between Roudel S.A. and the Ministry of Security (Bates Nos. AR00156431–AR00157520);

- A transaction between Navantia S.A. and the Argentine Naval Prefecture (Bates Nos. AR00146497–AR00147005);

- A transaction between Farinto S.A. and the Ministry of Security (Bates Nos. AR00148037–AR00149315);

- A transaction between Airbus Helicopters Cono Sur S.A. and the Argentine Federal Police (Bates Nos. AR00143822–AR00146496);

- A transaction between Original Parts Systems & Services S.A. and the Argentine Naval

**CONFIDENTIAL**

Prefecture (Bates Nos. AR00147006–AR00147181);

• A transaction between Elbit Systems and C4I and the Joint Chief of Staff of the Armed Forces (Bates Nos. AR00151789–AR00152275); and

• Transactions for Covid-19 vaccine purchases entered into by the Ministry of Health whose terms are confidential pursuant to Law No. 27,573 (Bates Nos. BNA_00000312–BNA_00000313, BNA_00000315, and BNA_00000318).

**WRITTEN QUESTION NO. 17**

List any Letter of Credit issued by any Financial Institution, in which Argentina is listed as the applicant or beneficiary, with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 17**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 17 as overly broad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Question in confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 23, which sought "[a]ny Letter of Credit issued by any Financial Institution located in the United States or any Foreign Country, in which Argentina is listed as the applicant or beneficiary," as well as in its objection to Plaintiffs' Second Document Request No. 10, which sought "[a]ny Letter of Credit issued by any Financial Institution located in Argentina, in which Argentina is listed as the applicant or beneficiary," on the grounds that Plaintiffs are not entitled to information on assets within Argentina.

The Republic also objects to Question No. 17 to the extent that it requests information related to Letters of Credit in the United States. Plaintiffs agreed not to pursue their

**CONFIDENTIAL**

discovery requests concerning assets in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer.  To the extent this Question seeks information related to assets in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment.  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic also objects to Question No. 17 to the extent it seeks information related to Letters of Credit issued by Financial Institutions in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that it is only aware of the Letter of Credit issued by Banco Santander in connection with an appeal before the English courts, produced as Bates-Numbered Document AR00137357–AR00137364.

**WRITTEN QUESTION NO. 18**

List all accounts used by Argentina (whether such accounts are located in Argentina or elsewhere) to make payments to any law firm or consulting firm located in the United States or any Foreign Country, in connection with any legal proceeding to which Argentina has been a party, with citations to relevant Bates-Numbered Documents. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

**CONFIDENTIAL**

**RESPONSE TO WRITTEN QUESTION NO. 18**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 18 as overly broad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to Question No. 18 through its response to Plaintiffs' First Document Request No. 24, which sought "Documents sufficient to identify all accounts used by Argentina to make payments to any law firm or consulting firm located in the United States or any Foreign Country, in connection with any legal proceeding to which Argentina has been a party," and Plaintiffs' Second Document Request No. 11, which sought "Documents sufficient to identify all accounts located in Argentina used by Argentina to make payments to any law firm or consulting firm, in connection with any legal proceeding to which Argentina has been a party." The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative Questions. *See Espinal*, 2000 WL 245879, at *1.

The Republic also objects to Question No. 18 to the extent that it requests information related to accounts in the United States. Plaintiffs agreed not to pursue their discovery requests concerning assets in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer. To the extent this Question seeks information related to assets in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment. *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Question No. 18 to the extent it seeks information related to accounts in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.

Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

No accounts responsive to this Question exist outside of Argentina, and therefore no response is required.

## WRITTEN QUESTION NO. 19

Provide a list of any escrow account established in connection with the sale of any Asset by Argentina to any Person, with citations to relevant Bates-Numbered Documents. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

## RESPONSE TO WRITTEN QUESTION NO. 19

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 19 as overbroad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to Question No. 19 in confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 27, which sought "Documents sufficient to identify any escrow account established in connection with the sale of any Asset by Argentina to any Person in the United States or any Foreign Country," *see* Apr. 15 Ltr. from A. Davidoff at 5, as well as in its

**CONFIDENTIAL**

objection to Plaintiffs' Second Document Request No. 12, which sought "Documents sufficient to identify any escrow account established in connection with the sale of any Asset by Argentina to any Person in Argentina," on the grounds that Plaintiffs are not entitled to information on assets within Argentina.

The Republic also objects to Question No. 19 to the extent that it requests information related to Assets in the United States.  Plaintiffs agreed not to pursue their discovery requests concerning assets in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer.  To the extent this Question seeks information related to assets in the United States, the Question is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment.  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Question No. 19 to the extent it seeks information related to accounts in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that no such escrow accounts exist in any Foreign Country.

**CONFIDENTIAL**

**WRITTEN QUESTION NO. 20**

List any concession agreement or similar agreement (such as a production sharing contract) relating to natural resources, energy or public infrastructure, between Argentina and any Person located in the United States or any Foreign Country (or any direct or indirect subsidiary of such Person), with citations to relevant Bates-Numbered Documents.

**RESPONSE TO WRITTEN QUESTION NO. 20**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 20 as overbroad and unduly burdensome, and as cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to Question No. 20 through its production in response to Plaintiffs' First Document Request No. 29, which sought "[a]ny concession agreement or similar agreement (such as a production sharing contract) relating to natural resources, energy or public infrastructure, between Argentina and any Person located in the United States or any Foreign Country (or any direct or indirect subsidiary of such Person)." The Republic should not be required to review its own productions to respond to Plaintiffs' duplicative Questions. *See Espinal*, 2000 WL 245879, at \*1.

The Republic further objects to this Request to the extent that it requests information related to concession agreements with Persons in the United States. Plaintiffs agreed not to pursue their discovery requests concerning assets in the United States in their January 26, 2024 Letter and at the parties' February 23, 2024 meet and confer. To the extent this Request seeks information related to concession agreements with Persons located in the United States, this Request is not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment. *See* 28 U.S.C. §§ 1609, 1610(a).

Subject to and without waiving the foregoing objections, the Republic states that it

**CONFIDENTIAL**

is aware of the following agreements:

- Offshore drilling concessions described in Bates-Numbered Documents AR00140669–AR00140727;

- Energy concessions described in Bates-Numbered Documents AR00140728–AR00140744; and

- Offshore exploration concessions described in Bates-Numbered Documents AR00151724–AR00151788.

## WRITTEN QUESTION NO. 21

Provide a list of the proceedings regarding the enforcement of a judgment against Argentina in which Argentina has produced Documents.

## RESPONSE TO WRITTEN QUESTION NO. 21

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 21 on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collection of the judgment in these Actions. Specifically, the Request is not limited to information and documents that are relevant to identifying attachable or executable assets but instead seeks information about discovery produced in other proceedings, in any jurisdiction, without limitation.

Subject to and without waiving the foregoing objections, the Republic states that apart from these Actions, the only proceeding regarding the enforcement of a judgment in which it is currently producing documents is *Bainbridge Fund Ltd.* v. *The Republic of Argentina*, 1:16-cv-08605-LAP (S.D.N.Y.). The Republic also notes that enforcement proceedings in *Bainbridge*

-43-
**CONFIDENTIAL**

are irrelevant to Plaintiffs here because the judgment in *Bainbridge* can be enforced pursuant to

28 U.S.C. § 1610(a)(1), but no such waiver of immunity exists here.

## WRITTEN QUESTION NO. 22

Identify any state-owned or state-controlled entities, agencies, or instrumentalities that Argentina intends to or will privatize through December 2027, and describe the plans for such privatization, including (i) the intended target of privatization, (ii) whether any shares, securities, or interests will be issued, transferred or sold, (iii) whether and where such shares, securities or interests will be listed, and (iv) where any proceeds from privatization will be paid or transferred, including the name of the account holder, the account number, and the location of the account.

## RESPONSE TO WRITTEN QUESTION NO. 22

The Republic incorporates its General Objections, Objections to Definitions, and

Objections to Instructions by reference and further objects to Question No. 22 as overly broad

and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery.

Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to

Question No. 22 through its objection to Plaintiffs' Second Document Request No. 33, which

sought "Documents and Communications concerning any prospective or contemplated

privatization of any entity that, as of January 1, 2024, was owned in whole or in part by

Argentina," on the grounds that Plaintiffs are not entitled to information on assets within

Argentina.

The Republic also objects to Question No. 22 as overbroad and unduly

burdensome, and because it seeks information and documents that are neither relevant nor

proportional to the needs of the case, because it is not relevant or reasonably calculated to assist

in collecting on the judgment in these Actions.  Specifically, the Request is not limited to

information and documents that are relevant to identifying attachable or executable assets but

instead seeks information regarding "any state-owned or state-controlled entities, agencies or

instrumentalities that Argentina intends to or will privatize."  The Republic's plans or

**CONFIDENTIAL**

considerations with regard to any entities in which it is a shareholder or owner are not assets of the Republic. Further, this Question unduly impinges on the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state by requesting information into the inner workings of government, many of which are highly confidential, and subject to protection from disclosure under both Argentine law, *see* Law No. 27,275 and Decrees Nos. 206/2017, 561/2016 (which amended Decree No. 333/1985), and 780/2024, and the deliberative process privilege available under U.S. law. *See Knight First Amendment Inst. at Columbia Univ.* v. *CDC*, 560 F. Supp. 3d 810, 827 (S.D.N.Y. 2021); *Fox News Network, LLC* v. *U.S. Dep't of the Treasury*, 739 F. Supp. 2d 515, 541 (S.D.N.Y. 2010); *LNC Invs., Inc.* v. *Republic of Nicaragua*, 1997 WL 729106, at *3 (S.D.N.Y. Nov. 21, 1997).

The Republic further objects to Question No. 22 to the extent it seeks information related to assets in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgment must be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that Law No. 27,742 provides for, among other things, the authorization for the executive branch to privatize, totally or partially, eight state-owned entities. The Republic will not provide any

-45-
**CONFIDENTIAL**

further information in response to this Question.

**WRITTEN QUESTION NO. 23**

List any arbitrations or litigations in which Argentina is the claimant or plaintiff, including (i) the case number and court or arbitrational institution, (ii) the amount in controversy, and (iii) whether any deposit or security has been lodged, by whom, in what amount, and in what form.

**RESPONSE TO WRITTEN QUESTION NO. 23**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 23 as overbroad and unduly burdensome to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to this Request through its response to Plaintiffs' Second Document Request No. 64, which sought "Documents sufficient to identify arbitrations or litigations in which Argentina is the claimant or plaintiff." The Republic further objects to this Question because it seeks information that is not relevant or proportional to the needs of the case and because it is not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that Bates Numbered Documents in the following ranges contain litigations and arbitrations in which the Republic is involved: AR00152276–AR00154173; AR00160365–AR00160367; AR00174698–AR00174707.

**WRITTEN QUESTION NO. 24**

List any arbitrations or litigations in which Argentina is the defendant or respondent and has either (i) made a counterclaim or (ii) requested its costs, and describe (i) the case number and court or arbitral institution, (ii) the amount in controversy, and (iii) whether any deposit or security has been lodged, by whom, in what amount, and in what form.

**CONFIDENTIAL**

## RESPONSE TO WRITTEN QUESTION NO. 24

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 24 as overbroad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery.  Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to this Request through its response to Plaintiffs' Second Document Request No. 65, which sought "Documents sufficient to identify arbitrations or litigations in which Argentina is the defendant or respondent and has either (i) made a counterclaim or (ii) requested its costs." The Republic further objects to this Request because it seeks information that is not relevant or proportional to the needs of the case and because it is not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that Bates-Numbered Documents in the following ranges contain litigations and arbitrations in which the Republic is involved:  AR00152276–AR00154173;  AR00160365–AR00160367; AR00174698–AR00174707.

## WRITTEN QUESTION NO. 25

Identify the location of the Airbus helicopters referenced in Bates-Numbered Documents AR00137152 and AR00137164.

## RESPONSE TO WRITTEN QUESTION NO. 25

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 25 as overbroad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery.  Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to Question No. 25 through its objection to Plaintiffs' Second Document Request No. 17, which

**CONFIDENTIAL**

sought "Documents sufficient to identify the location of the Airbus helicopters referenced in

Bates-Numbered Documents of AR00137152 and AR00137164" on the grounds that Plaintiffs

are not entitled to information on assets within Argentina.

The Republic also objects to Question No. 25 because it seeks information related

to assets in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant

or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically,

information regarding assets of the Republic in Argentina is "useless" to execution efforts.

*Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a

statutory process for enforcing judgments against the National State providing that any judgments

are to be paid with sums allocated in the General Budget of the National Administration, and it is

not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article

165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or

reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the Republic states that

the helicopters are located in Argentina.

**WRITTEN QUESTION NO. 26**

Identify the accounts in which Argentina made or received any payments
concerning the 2012 Facility Agreement for US$ 2.1 billion and any amendments thereto, with
Argentina as borrower, China Development Bank and Industrial and Commercial Bank of China
Ltd. as Initial Mandated Lead Arrangers, and China Development Bank as Facility Agent,
referenced in Bates-Numbered Documents AR00138642, AR00137905, and AR00138317. For
the avoidance of doubt, list the name of the account holder of such account as it appears on the
account, the account number of such account, the current status of such account, and the current
balance of such account.

**RESPONSE TO WRITTEN QUESTION NO. 26**

The Republic incorporates its General Objections, Objections to Definitions, and

Objections to Instructions by reference and further objects to Question No. 26 as overbroad and

unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery.  Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to Question No. 26 in confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 21, which sought "[f]or any Agreements with China identified in response to Request 20, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Agreements with China."  *See* June 4, 2024 Ltr. from A. Davidoff at 5.

The Republic also objects to Question No. 26 because it seeks information exclusively related to accounts in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

No accounts responsive to this Question exist outside of Argentina, and therefore no response is required.

**WRITTEN QUESTION NO. 27**

Identify the accounts in which Argentina made or received any payments concerning the August 12, 2016 Engineering, Procurement, and Construction Contract for

**CONFIDENTIAL**

Cauchari I, II, III, the 2017 Preferential Buyer Credit Loan Agreement regarding the Jujuy Photovoltaic Power Plant Project between Argentina and the Export-Import Bank of China, and any amendments thereto, referenced in Bates-Numbered Documents AR00137778, AR00137789, and AR00137865. For the avoidance of doubt, list the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from January 1, 2020 to the present.

## RESPONSE TO WRITTEN QUESTION NO. 27

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 27 as overbroad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to Question No. 27 in confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 21, which sought "[f]or any Agreements with China identified in response to Request 20, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Agreements with China." *See* June 4, 2024 Ltr. from A. Davidoff at 5.

The Republic also objects to Question No. 27 because it seeks information exclusively related to accounts in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See*

Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

No accounts responsive to this Question exist outside of Argentina, and therefore no response is required.

## WRITTEN QUESTION NO. 28

Identify the accounts in which Argentina made or received any payments concerning the 2019 Security Agreement between Argentina, Banco Bilbao Vizcaya Argentaria S.A. – Hong Kong Branch, as both creditor and Sinosure Agent, and the 2018 Financing Agreement between the same parties, referenced in Bates-Numbered Documents AR00137872 and AR00137782. For the avoidance of doubt, list the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from January 1, 2020 to the present.

## RESPONSE TO WRITTEN QUESTION NO. 28

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to this Question No. 28 as overbroad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a).  The Republic has already responded to Question No. 28 in confirming that no responsive documents existed in response to Plaintiffs' First Document Request No. 21, which sought "[f]or any Agreements with China identified in response to Request 20, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Agreements with China." *See* June 4, 2024 Ltr. from A. Davidoff at 5.

Subject to and without waiving the foregoing objections, the Republic states that it is a guarantor to this agreement, and not a party, and therefore holds no account related to this

-51-
**CONFIDENTIAL**

agreement.

**WRITTEN QUESTION NO. 29**

Identify the accounts in which any payments concerning the Standby Letter of Credit in the amount of €313,876,449.80 euros issued by Santander Bank dated April 3, 2024 were sent, transferred or received, regarding claims filed in the High Court of England and Wales in 2019 by holders of euro-denominated GDP-Warrants issued by Argentina in 2005 and 2010, referenced in Bates-Numbered Document AR00137357.

**RESPONSE TO WRITTEN QUESTION NO. 29**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 29 because it does not own or otherwise have authority to disclose the information the subpoena seeks. *See Mathison* v. *Zocco*, 615 N.Y.S.2d 745, 747 (2d Dep't 1994) (defendants not required to produce what they do not possess); *Pezhman* v. *Dep't of Educ. of City of New York*, 944 N.Y.S.2d 128, 129 (2012) (same).

The Republic also objects to Question No. 29 as overbroad and unduly burdensome, and it seeks information and documents that are neither relevant nor proportional to the needs of the case, and because it is not relevant or reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Question is not limited to information and documents that are relevant to identifying attachable or executable assets but instead seeks information regarding an account not owned by the Republic but instead a third party. Plaintiffs are therefore not entitled to any information on this account.

The Republic also objects to Question No. 29 because, to the extent it refers to accounts owned by Argentina, it refers exclusively to accounts in Argentina. Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment. Specifically, information regarding assets

**CONFIDENTIAL**

of the Republic in Argentina is "useless" to execution efforts. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets. *See* Article 20 of Law 24,264 and Article 165 of Law 11,672. Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

No accounts responsive to this Question exist outside of Argentina, and therefore no response is required.

## WRITTEN QUESTION NO. 30

Identify the accounts in which any payments concerning the Yacyretá Dam, Jasyretâ-Apipé Hydroelectric Power Station, or Entidad Binacional Yacyretá, were sent to, transferred to or from, or received by Argentina.

## RESPONSE TO WRITTEN QUESTION NO. 30

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 30 as overbroad and unduly burdensome, and to the extent it is cumulative and duplicative of prior discovery. Fed. R. Civ. P. 26(b)(2)(C)(i); N.Y. C.P.L.R. § 3101(a). The Republic has already responded to Question No. 30 in its objection to Plaintiffs' First Document Request No. 27, which sought "Documents concerning accounts in which any payments concerning the Yacyretá Dam, Jasyretâ-Apipé Hydroelectric Power Station, or Entidad Binacional Yacyretá, were sent to, transferred to or from, or received by Argentina," on the grounds that Plaintiffs are not entitled to information on assets within Argentina.

The Republic also objects to Question No. 30 because it seeks information

-53-<br><b>CONFIDENTIAL</b>

exclusively related to accounts in Argentina.  Discovery regarding any assets of the Republic in Argentina is not relevant or proportional to the needs of the case or relevant to the satisfaction of the judgment.  Specifically, information regarding assets of the Republic in Argentina is "useless" to execution efforts.  *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  In Argentina, there is a statutory process for enforcing judgments against the National State providing that any judgments are to be paid with sums allocated in the General Budget of the National Administration, and it is not permissible to enforce directly against state assets.  *See* Article 20 of Law 24,264 and Article 165 of Law 11,672.  Information on the Republic's assets in Argentina is therefore not relevant or reasonably calculated to assist in collecting on the judgment in these Actions.

No accounts responsive to this Question exist outside of Argentina, and therefore no response is required.

**WRITTEN QUESTION NO. 31**

Identify all Persons, including the department(s) or ministry/(ies) for which such Person works and their title(s), who have been consulted in connection with the preparation of responses to these written questions, and state the question number for which such Person(s) assisted in the preparation of the answer, and whether such Person(s) are/is in possession of documents responsive to the First Post-Judgment Requests for Production of Documents served upon Argentina on or around October 16, 2023.

**RESPONSE TO WRITTEN QUESTION NO. 31**

The Republic incorporates its General Objections, Objections to Definitions, and Objections to Instructions by reference and further objects to Question No. 31 as overbroad and unduly burdensome, and because it seeks information that is neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.

Subject to and without waiving the foregoing objections, the following were

**CONFIDENTIAL**

consulted in the preparation of this document:  (i) Ministry of Economy; (ii) Ministry of Security;

(iii) Ministry of Health; (iv) Legal and Technical Secretariat of the Presidency; (v) Chief of

Cabinet's Office; and (vi) Attorney General's Office.

Respectfully,

Dated:  September 30, 2024

*/s/ Amanda F. Davidoff*  
Robert J. Giuffra, Jr.  
Sergio J. Galvis  
Amanda F. Davidoff  
Thomas C. White  
Adam R. Brebner

SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, New York  10004-2498  
Telephone:    (212) 558-4000  
Facsimile:    (212) 558-3588

*Counsel for the Argentine Republic*

**CONFIDENTIAL**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2024, a copy of the foregoing was served on counsel of record via Electronic Mail.

By: */s/ Amanda F. Davidoff*
Amanda F. Davidoff

*Counsel for the Argentine Republic*

**CONFIDENTIAL**