**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re Application of: | § | |
| | § | |
| PALLADIAN PARTNERS, L.P., HBK | § | |
| MASTER FUND L.P., HIRSH GROUP | § | |
| LLC, and VIRTUAL EMERALD | § | |
| INTERNATIONAL LIMITED, | § | |
| | § | |
| | § | |
| *Petitioners*, | § | No. 3:25-MC-00058-S-BT |
| | § | |
| FOR AN ORDER TO TAKE DISCOVERY | § | |
| FOR USE IN FOREIGN PROCEEDINGS | § | |
| PURSUANT TO 28 U.S.C. § 1782 | § | |
| | § | |

## RESPONDENTS' MOTION TO STRIKE REPLY APPENDIX AND REPLY

Respondents Hayden Davis, Gideon Davis, Charles Thomas Davis, and Kelsier Labs LLC d/b/a Kelsier Ventures ("Respondents") respectfully move to strike the reply appendix (Dkt. No. 33) filed by Petitioners/Applicants Palladian Partners, L.P., HBK Master Fund L.P., Hirsh Group LLC, and Virtual Emerald International Limited (collectively "Palladian"). Respondents also move to strike the reply (Dkt. No. 32) (the "Reply") to the extent it relies on evidence contained in the reply appendix.

Palladian's reply appendix and reply should be stricken for failure to comply with the local rules. Palladian's opening brief was 25-pages long and filed with a 517-page appendix. The Reply is 50% longer than what the local rules allow and contains an additional 75-page appendix. The materials in the Reply appendix are not rebuttal evidence—they are cited ostensibly to show that Palladian can meet the statute's requirements. And so, they could and should have been attached to the opening brief. Those materials instead were filed for the first time with the Reply without conference with the Respondents and without leave of Court.

1

## ARGUMENTS AND AUTHORITIES

Under Judge Fitzwater's often-cited decision in *Springs Industries, Inc. v. American Motorists Insurance Co.*, federal courts within the Northern District of Texas routinely decline "to consider arguments raised for the first time in a reply brief," especially those that rely on new evidence presented in a reply appendix filed without leave from the Court to do so. 137 F.R.D. 238, 239–40 (N.D. Tex. 1991) ("a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks," and the reply is "to contain argument, not new supporting materials"); *accord Beaumont Lamar Apartments, LLC v. Wallis Bank*, No. 4:23-CV-00341, 2023 WL 12035401, at *3 (N.D. Tex., Nov. 8, 2023) (concluding the local rules leave "little, if any, room for exceptions from the baseline presumption against judicial consideration of an evidentiary appendix in reply briefing").[1]

The sole exception to this rule applies when a "court grants a moving party leave to file one—typically *after* that party seeks leave from the court and *confers* with the opposing party to determine that injustice will not result." *Beaumont Lamar Apartments*, 2023 WL 12035401, at *3 (emphasis added) (citing *Springs Indus.*, 137 F.R.D. at 240, and at n.4 for the proposition that the practice of first "conferring is consistent with the rationale of *Dondi*, which seeks *inter alia* to avoid expense and delay associated with litigating 'a collateral determination whether the court should consider a particular pleading.'"). For example, in *Beaumont Lamar Apartments* Judge

---

[1] Essentially all courts in this District agree. *See, e.g.*, *BlueLinx Corp. v. Edwards*, No. 3:23-CV-2503-L, 2024 WL 3174379, at *4 (N.D. Tex. June 24, 2024) ("the court will not consider" new evidence accompanying a reply because "Plaintiff did not seek leave, before or after filing its Motion, to supplement its evidence" nor "explained why it could not have submitted the new evidence when it filed its Motion"); *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, No. 3:20-CV-3718-D, 2024 WL 1837960, at *11 n.11 (N.D. Tex. Apr. 26, 2024) ("because this evidence was raised for the first time in Samurai's reply brief and cites a reply appendix filed in support of that reply brief, the court will not consider it." (collecting cases)); *Budri v. FirstFleet, Inc.*, No. 3:19-CV-0409, 2020 WL 10816627, at *2 (N.D. Tex. June 10, 2020) (Ramirez, J.) (citations omitted) (a movant is not "ordinarily permitted to introduce new evidence in support of a reply because such action would deprive the non-movant of a meaningful opportunity to respond"); *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103–04 (N.D. Tex. 2001) (Fitzwater, J.) (holding that a reply appendix cannot be filed without leave of court).

O'Connor noted that the movant could "not point to a single example of a Northern District of Texas Court accepting a reply brief appendix" without having first conferred with the non-movant and obtained leave from the Court. *Id.* That conference did not happen here.

Leave is especially improper where, as here, the evidence could and should have been attached to the opening brief. A reply should not be used to remedy fatal flaws in the original motion that the non-movant has identified. See *Springs Indus.*, 137 F.R.D. at 239–40 ("There will be instances, of course, when a movant should not be permitted to cure by way of reply what is in fact a defective motion."). Notably, nothing in the Reply suggests that Palladian would be prejudiced if the appendix were to be stricken—and losing their motion does not count.

In this case, as in *Beaumont Lamar Apartments*, Palladian filed a reply appendix and cited to it extensively in their reply in support of their application for 28 U.S.C. § 1782 discovery. *See* 2023 WL 12035401, at *3 ("WB attached two new affidavits to its reply brief and cited to these affidavits throughout the reply briefing"). And as in *Beaumont Lamar Apartments*, Palladian did so without first conferring with counsel for Respondents or obtaining leave from the Court. In fact, the circumstances here are worse than in *Beaumont Lamar Apartments*: Palladian did first confer with counsel for Respondents about another matter—leave to file an overlength reply— without mentioning they intended to submit 75 pages of new evidence. Respondents did not oppose a motion for leave to file a 5-page overlength reply brief, but that was only because they did not know that Palladian intended to also present extensive new evidence in their reply.

While Palladian may contend that the cure to its transgression is to give Respondents a sur-reply,[2] a sur-reply is inadequate. A sur-reply may address new legal arguments, but it does not

---

[2] In not opposing Palladian's motion to file a 5-page-overlength reply, Respondents secured Palladian's agreement that they would not oppose a motion to file a sur-reply not to exceed 5 pages. That was before Respondents were aware that Palladian intended to add evidence and basically present its motion anew.

remedy Palladian's late evidentiary submission. Palladian's sandbagging forces Respondents to stake out positions on an unstable record while Palladian reshapes its proof in response. The Court should reject the new evidence—or strike it—and decline further briefing to deter gamesmanship and needless and endless briefing, particularly on satellite litigation over post-judgment discovery.

## CONCLUSION

For the foregoing reasons, the Court should decline to consider or strike Palladian's reply appendix and their reply to the extent the reply relies on new evidence. Alternatively, Respondents request the Court grant Respondents leave to file a sur-reply not to exceed 10 pages and a sur-reply appendix.

Dated: December 22, 2025                            Respectfully submitted,

                                                    **SBAITI & COMPANY PLLC**

                                                    */s/ Mazin A. Sbaiti*
                                                    **Mazin A. Sbaiti**
                                                    New York Bar No. 4339057
                                                    **George M. Padis**
                                                    2200 Ross Avenue – Suite 4900W
                                                    Dallas, TX 75201
                                                    T: (214) 432-2899
                                                    F: (214) 853-4367
                                                    E: mas@sbaitilaw.com
                                                       george.padis@sbaitilaw.com

                                                    ***Counsel for Hayden Davis, Gideon Davis,***
                                                    ***Charles Thomas (Tom) Davis, and Kelsier***
                                                    ***Labs LLC d/b/a Kelsier Ventures***


## CERTIFICATE OF CONFERENCE

I certify that I conferred by email with counsel for Petitioners who confirmed by email dated December 21, 2025, that Petitioners oppose the relief requested. Counsel for Petitioners noted the information in the reply appendix is publicly available and "surely already known" to Respondents; raising the question of how that information could not have been presented with the original application.