**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re Application of:<br><br>PALLADIAN PARTNERS, L.P., HBK MASTER FUND L.P., HIRSH GROUP LLC, and VIRTUAL EMERALD INTERNATIONAL LIMITED,<br><br>*Petitioners*,<br><br>FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-MC-00058-S-BT |

**RESPONDENTS' MOTION FOR LEAVE TO FILE**
**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Respondents Kelsier Labs, LLC d/b/a Kelsier Ventures, Hayden Mark Davis, Gideon Davis, and Charles Thomas Davis ("Respondents") respectfully move under Local Civil Rule 56.7 for leave to file the Notice of Supplemental Authority attached as Exhibit A.

Local Civil Rule 56.7 provides: "Except for the motions, responses, replies, briefs, and appendices required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." Respondents threfore seek leave of Court to file the attached Notice.

In November 2025, Petitioners filed their Amended Application seeking discovery for use in foreign proceedings under 28 U.S.C. § 1782 (Dkt. No. 22). Petitioners' application became fully briefed on January 12, 2026 (Dkt. No. 38), and the Court held a hearing before Magistrate Judge Rutherford on January 29, 2026 (Dkt. No. 44).

On September 29, 2026—after briefing closed and after the hearing—the United States District Court for the Southern District of New York issued its Opinion and Order (Dkt. No. 274)

in *Hurlock v. Kelsier Labs, LLC*, No. 1:25-cv-03891 (JLR), dismissing the amended complaint with prejudice and directing the clerk to close that case. The parties' briefing in this proceeding referred to *Hurlock* and its then-pending motions to dismiss and discovery stay.

Because this pertinent and significant decision was issued after briefing was complete and after oral argument, but before decision, it could not have been presented earlier. *See* Fed. R. App. P. 28(j). Respondents have moved promptly to notify this Court.

The proposed Notice is 350 words or fewer, consistent by analogy with Federal Rule of Appellate Procedure 28(j), which limits the body of such letters to 350 words. The Notice only identifies the new authority and briefly states its relevance to issues already briefed. It makes no new arguments. Thus, granting the requested leave will not prejudice Petitioners. Respondents do not oppose Petitioners filing a response of similar length if the Court wishes.

**Conclusion**

Respondents respectfully request that the Court grant this Motion and direct the Clerk to file the Notice of Supplemental Authority attached as Exhibit A (with its exhibits) as a separate docket entry as of the date of the Order (or deem it filed).

*Signature on next page*

Dated: October 2, 2026

Respectfully submitted,

**SBAITI & COMPANY PLLC**

/s/ George M. Padis
**Mazin A. Sbaiti**
New York Bar No. 4339057
**George M. Padis**
3102 Maple Ave., Suite 400
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
george.padis@sbaitilaw.com

***Counsel for Hayden Davis, Gideon Davis, Charles Thomas (Tom) Davis, and Kelsier Labs LLC d/b/a Kelsier Ventures***

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Petitioners by email on October 1, 2026. Respondents stated they were limiting their letter to 350 words or fewer, following Federal Rule of Appellate Procedure 28(j) by analogy. Respondents also stated they would be unopposed to Petitioners submitting a similarly limited response. Petitioners' counsel stated they will consider and get back to Respondents with Petitioners' position by early to middle next week. This motion for leave is filed in the interest of time to ensure the Court is made aware of the Southern District of New York's decision before a decision in this matter is reached. Respondents will update this certificate of conference with Petitioners' final position.

Petitioners have requested that we note their objection and specifically that Petitioners are objecting because counsel "have not had an opportunity to meet and confer on the issue or to speak to our client about it."

/s/ George M. Padis
George M. Padis